UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                                       **ORDER**
                                                                                          11-CR-223-RJA

TIMOTHY PARMELEE,

                                          Defendant.

_____

        The June 16, 2021 Decision and Order of the Court at Docket Number 77 granted the motion of Defendant Timothy Parmelee for compassionate release to home incarceration pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) subject to this further Order setting the conditions of his home incarceration.  Defendant Parmelee's sentence has been modified to convert the remaining term of imprisonment to a term of supervised release subject to all the terms and conditions of supervised release set forth in the Judgment at Docket Number 51 to begin immediately upon his release from Bureau of Prisons custody; and it is further

        **ORDERED** that the United States Marshals Service is directed to immediately commence the process of releasing Defendant from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps to communicate and to facilitate that relief; and it is further

        **ORDERED** that, due to the COVID-19 pandemic, upon his release Defendant must follow all State and local health and safety guidelines that are in effect including quarantine requirements; and it is further

**ORDERED** that upon his release from incarceration from FCI Ashland, and until the remaining term of Defendant's imprisonment (as converted to a term of supervised release) has elapsed, in addition to all the terms and conditions of supervised release previously imposed, Defendant shall comply with the conditions of the Location Monitoring Program (**home incarceration** component); Defendant is restricted to his residence at all times, except for medical necessities and court appearances or other activities specifically approved by the Court, to include substance abuse and mental health treatment; Defendant must wear an electronic monitor, follow the monitoring procedures outlined in Probation Form 61, and contribute to the cost of services rendered (co-payment); and it is further

**ORDERED** that as exceptions to Defendant's period of home incarceration,

(1) Defendant shall be permitted to leave his residence for grocery shopping once per week.  During these weekly shopping trips, he must travel directly to, and return directly from, the grocery store.  He shall advise U.S. Probation as to the time and location of each shopping trip.

(2) Defendant shall be permitted to leave his residence, subject to pre-approval and verification by U.S. Probation, for the purpose of securing permanent housing in an apartment or home other than the extended-stay motel, to the extent required by the rental or leasing agency (or other similarly situated individual).  This condition will only allow Defendant to leave his residence if his in-person presence is required in order further the rental process.  For these pre-approved and verified trips, Defendant must travel directly to, and return directly from, the apartment or home he is scheduled to visit; and it is further

**ORDERED** that under 18 U.S.C. § 3583, beginning when the remaining term of Defendant's imprisonment (as converted to a term of supervised release) has elapsed, Defendant's previously imposed life term of supervised release, shall commence subject to the terms and conditions set forth in the Judgment at Docket Number 51; and it is further

**ORDERED** that Defendant must contact the Probation Office for the Western District of New York, United States Probation Officer Gavin Lorenz at 716-362-5219 within 24 hours of his release; and it is further

**ORDERED** that due to the COVID-19 pandemic, following his release from FCI Ashland, Defendant must travel directly to his temporary residence at the Orchard Park Inn, located at 2268 Southwestern Boulevard, in Buffalo, New York, and he may not make any stops other than are necessary for fueling, food, or restroom facilities on his return home; and it is further

**ORDERED** that during his travel to said location, Defendant should wear a face covering and use reasonable precautions to socially distance himself from others, to the extent as required by State and local health and safety guidelines; and it is further

**ORDERED** that when Defendant has secured a potential permanent residence, he shall inform his supervising United States Probation Officer of that proposed residence and the individuals with whom he will be residing, if any, so that the residence may be verified and approved before he moves out of his temporary residence.

**IT IS SO ORDERED.**

          _s/Richard J. Arcara_
          HONORABLE RICHARD J. ARCARA
          UNITED STATES DISTRICT COURT

Dated:  June 16, 2021
       Buffalo, New York